**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

J.N.,

        Plaintiff,

v.

BEST ACADEMY D/B/A HARVEST BEST
ACADEMY; MASTERY SCHOOL, INC.
D/B/A MASTERY SCHOOL; HOSPITALITY
HOUSE YOUTH DEVELOPMENT; AND
AARON JAMES HJERMSTAD,

        Defendants.

Case No. _____

DEMAND FOR JURY TRIAL

**THIS SUMMONS IS DIRECTED TO THE DEFENDANTS NAMED ABOVE.**

1. **YOU ARE BEING SUED.** The Plaintiffs have started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Sand Law, PLLC; 266 East 7th Street, Suite 300, St. Paul, MN 55101.

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiffs Complaint. In your Answer you must state whether you agree or disagree

with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights, or you may lose the case.

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

SAND LAW, PLLC

Dated: June 18, 2026

*Tyler K. Cottrill*

Tyler K. Cottrill (MN Bar No. 0403040)
266 East 7th Street, Suite 300
St. Paul, MN 55101
Phone: 651-450-8812
tyler@sandlawnd.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

J.N.,

         Plaintiff,

v.

BEST ACADEMY D/B/A HARVEST BEST       Case No. _____
ACADEMY; MASTERY SCHOOL, INC.
D/B/A MASTERY SCHOOL; HOSPITALITY
HOUSE YOUTH DEVELOPMENT; AND       DEMAND FOR JURY TRIAL
AARON JAMES HJERMSTAD,

         Defendants.

---

## COMPLAINT

AND NOW, comes Plaintiff, by Andreozzi + Foote[1] and Sand Law, who file this Complaint against the Defendants Best Academy d/b/a Harvest Best Academy, Mastery School, Inc. d/b/a The Mastery School, Hospitality House Youth Development, and Aaron James Hjermstad, and in support thereof, state as follows:

## PARTIES

1.      Plaintiff J.N. ("Plaintiff" or "J.N.") is an adult male who resides in Minnesota. J.N. is hereinafter always identified by his initials since at all times relevant, he was a minor; this case involves his sexual victimization as a child; publicly revealing his identity would cause further harm.

2.      Plaintiff's identity will be disclosed to Defendants and Defendants' Counsel in this action. Also, Plaintiff will file an appropriate Motion to Proceed Anonymously.

---

[1] *Pro Hac Vice* documents forthcoming.

3.      At all times material, Defendant Best Academy d/b/a Harvest Best Academy ("Harvest Best") was and continues to be a nonprofit corporation authorized to conduct business and conducting business in the State of Minnesota and maintaining a business office at 1300 Olson Memorial Highway, Minneapolis, Hennepin County, Minnesota. Eric Mahmoud is President of Defendant Harvest Best Academy. In 2008, Harvest Best established a kindergarten through 8th grade charter school, the Best Academy, in accordance with the laws of the State of Minnesota. The Best Academy was established as a part of the Harvest Network of Schools, Inc., which included The Best Academy, Harvest Preparatory School, and The Mastery School, all of which served communities in north Minneapolis, and all of which were operated by Eric Mahmoud. Upon information and belief, in 2018 Harvest Preparatory School merged with Best Academy to form Harvest Best Academy. Defendant Best Academy owns, operates and controls Harvest Best Academy.

4.      At all times material, Defendant Mastery School, Inc. d/b/a The Mastery School ("Mastery School") was and continues to be a nonprofit corporation authorized to conduct business and conducting business in the State of Minnesota and maintaining a registered office at 1301 7th Avenue North, Minneapolis, Hennepin County, Minnesota. Eric Mahmoud is President of Defendant Mastery School. Defendant Mastery School operates a kindergarten through 6th grade charter school, in accordance the laws of the State of Minnesota. Defendant Mastery School was established in 2012 as a part of the Harvest Network of Schools, Inc., which included The Best Academy, Harvest Preparatory School, and The Mastery School, all of which served communities in north Minneapolis, and all of which were operated by Eric Mahmoud. Defendant Mastery School owns, operates and controls The Mastery School.

5.      At all times material, Defendant Hospitality House Youth Development ("Hospitality House") was and continues to be a nonprofit corporation authorized to conduct business in the State of Minnesota and maintaining a registered office at 1220 Logan Ave North, Minneapolis, in Hennepin County, Minnesota. Hospitality House was established in 1963 as a youth serving organization serving youth and families in Minneapolis, Minnesota.

6.      Defendant Aaron James Hjermstad ("Hjermstad") is an adult male resident of Hennepin County, in the State of Minnesota. At all times material, Aaron James Hjermstad ("Hjermstad") was employed by Defendant Harvest Best as a youth basketball coach and Defendant Mastery School as a physical education teacher. At all times material, Hjermstad remained under the direct supervision, employ and control of Defendants Best Academy and Mastery School.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives United States District Courts jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants conduct business in this District, and/or a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## FACTS

9.      Defendant Harvest Best Academy and Defendant Mastery School were members of the Harvest Network of Schools ("Harvest Network"), a group of charter schools serving predominantly low-income African American families in Minneapolis, Minnesota. Harvest Network, Defendant Harvest Best Academy, and Defendant Mastery School were founded and

operated by founder and CEO, Eric Mahmoud. In approximately 2018, Harvest Network was dissolved, but Defendants Harvest Best and Mastery School continued operations continuously and without interruption.

10.     At all times material, Defendant Hjermstad was employed by Defendant Harvest Best as a youth basketball coach, and by Defendant Mastery School as a physical education teacher. Defendants Best Academy and Mastery School placed Hjermstad in positions where he had access to and worked with minor children as an integral part of his work.

11.     Upon information and belief, Harvest Best and Mastery School had one combined basketball program. As such, Defendant Hjermstad was a coach for both Harvest Best and Mastery School students.

12.     At all times material, Defendant Hjermstad was an agent of Hospitality House coaching youth basketball. Defendant Hospitality House placed Hjermstad in positions where he had access to and worked with minor children as an integral part of his work

**Hjermstad's Sexual Exploitation of Plaintiff J.N.**

13.     In or around 2016, when J.N was approximately eight (8) years old, he was introduced to Defendant Hjermstad through his brothers, who played on the Hospitality House basketball team.

14.     From approximately 2016 to 2019, J.N. attended weekend sleepovers at Hjermstad's residence with his brother.

15.      In or around 2019 or 2020, while J.N. was a student at Harvest Best, he joined the combined Harvest Best/Mastery School basketball team, for which Hjermstad served as a coach.

16. On weekends when the team had practice or games, J.N. and his other team members would go over to Hjermstad's house for sleepovers.

17. During the sleepovers, Hjermstad would turn all the lights off and play a game where children ran in and out of his bedroom. J.N. recalls children screaming while in Hjermstad's bedroom as he would often grab the children and pin them on the bed. Upon information and belief, Hjermstad would be minimally clothed or unclothed during these interactions.

18. Prior to bedtime, Hjermstad required all the minor children, including J.N., to take a shower.

19. After showering, Hjermstad would provide J.N. with an oversized pair of basketball shorts to wear.

20. On one occasion, J.N. recalls Hjermstad unlocking the door while J.N was showering and directing other children to try and remove J.N.'s towel. Hjermstad stood at the door and observed with a smile.

21. Upon information and belief, Hjermstad provided the children with snack foods and fruit punch that caused them to become gradually drowsy.

22. At bedtime, Hjermstad required the children to sleep in his bedroom, either on the floor or in his bed, or in a guest room.

23. On one occasion, J.N. recalls waking up alone in a room without clothing. Upon information and belief, Hjermstad sexually abused J.N. while he was asleep by touching and putting his mouth on J.N.'s genitals.

24. Hjermstad recorded J.N. at the sleepovers when he was using the bathroom and showering nude.

**Defendant's Notice of Hjermstad's Victimization of Minors**

25.    Prior to the sexual abuse of Plaintiff, Defendants learned or should have learned that Hjermstad was not fit to work with children.

26.    Upon information and belief, in or around 2013 and/or 2014, a mother of a student at Excell Academy ("Excell"), located at 5800 65th Ave N, Brooklyn Park, MN 55429, reported to Excell's founder and executive director that Hjermstad took her child to his home without parental consent.

27.    Upon information and belief, Excell's founder and executive director told Hjermstad to cease bringing students to sleep at his home.

28.    Upon information and belief, in approximately 2015, a minor reported to the Brooklyn Park Police Department that he was sexually assaulted by Defendant Hjermstad. At the time, the minor was a student at Excell and a basketball player at Hospitality House. During this time, Hospitality House suspended Hjermstad from his employment and/or volunteer duties.

29.    Upon information and belief, in or around November 2015, Hospitality House reinstated Hjermstad with restrictions on his activities.

30.    Upon information and belief, in or around March 2020, Hjermstad was terminated from his employment at Mastery School, after a parent reported her son was sexually abused by Hjermstad while staying at his house. Hjermstad was an employee, volunteer, and/or agent at Hospitality House during this time.

31.    In November 2021, Hjermstad was convicted of criminal sexual conduct for his crimes against four (4) children during the years 2015-2020.

32.    In February 2022, Hjermstad was sentenced to twelve (12) years in prison.

33.    During the criminal investigation, thousands of videos of Hjermstad recording and assaulting children, including Plaintiff, were discovered.

34.    In September 2024, Hjermstad was indicted on twelve (12) additional counts of criminal sexual conduct stemming from the videos and for assaults occurring from 2013 to 2021.

35.    Defendants Harvest Best Academy and/or Mastery School and/or Hospitality House knew or should have known that Hjermstad was a danger to children before he sexually abused and/or exploited Plaintiff.

36.    At all times material, Plaintiff, as a minor and vulnerable child, was dependent on and relied on Defendants Harvest Best, Mastery School, and Hjermstad. Defendants had custody of the Plaintiff and accepted the entrustment of Plaintiff. Defendants Hospitality House and Hjermstad had responsibility and authority over Plaintiff.

37.    By accepting custody of Plaintiff, Defendants Harvest Best, Mastery School, and Hjermstad established an in loco parentis relationship with Plaintiff and in doing so, owed Plaintiff a duty to protect them from injury.

38.    Further, Defendant Harvest Best and Mastery School, by representing that they could provide a safe environment for vulnerable children, solicited and/or accepted this position of empowerment. This empowerment prevented Plaintiff from effectively protecting himself and Defendant Harvest Best and Mastery School thus entered into a fiduciary relationship with Plaintiff.

39.    Defendants Harvest Best and Mastery School and/or Hjermstad had a special relationship with Plaintiff.

40.    At all times material, Defendants Best Academy and/or Mastery School and/or Hospitality House employed, had responsibility for, and/or had control over Hjermstad,

including the ability to control and supervise his conduct and access to minor children, including Plaintiff.

41.     Defendants Best Academy and/or Mastery School and/or Hospitality House had a special relationship with Hjermstad.

42.     Defendants Best Academy and/or Mastery School and/or Hospitality House owed Plaintiff a duty of reasonable care because they had superior knowledge about the risk that Hjermstad posed, the risk of abuse or sexual assault in general in their programs, and/or the risks that their facilities posed to minor children.

43.     Defendants Best Academy and/or Mastery School owed Plaintiff a duty of reasonable care because they solicited youth and parents for participation in their programs; encouraged vulnerable youth and parents to have vulnerable youth participate in their programs; undertook custody of minor children, including Plaintiff; promoted their facilities and programs as being safe for children; and held their agents out as well-trained and safe to work with and supervise children at its facilities and/or participate in its programs.

44.     Defendants Best Academy and/or Mastery School owed a duty to Plaintiff to protect them from generally foreseeable harm because Defendants' actions created a foreseeable risk of harm to Plaintiff. As a vulnerable child participating in the programs and activities that Defendant offered to minors at Defendants' facilities, Plaintiff was a foreseeable victim. As a vulnerable child who Hjermstad had access to through Defendants' facilities and programs, Plaintiff was a foreseeable victim.

45.     As a minor child under the custody and care of Defendants Best Academy and/or Mastery School and/or Hjermstad, Plaintiff was a foreseeable victim.

46.    Defendants Best Academy and/or Mastery School knew or should have known that its facilities were not safe.

47.    Defendant Hospitality House knew or should have known that they did not have sufficient information about whether or not their facilities were safe.

48.    Defendants Best Academy and/or Mastery School knew or should have known that there was a risk of child sexual abuse and sexual assault for children participating in their programs.

49.    Defendants Best Academy and/or Mastery School knew or should have known that they did not have sufficient information about whether or not there was a risk of child sexual abuse or sexual assault for children participating in their programs.

50.    Defendants Best Academy and/or Mastery School and/or Hospitality House knew or should have known that Defendants had employees and/or agents who had sexually assaulted children.

51.    Defendants Best Academy and/or Mastery School breached its duties to Plaintiff. Defendants Best Academy's and/or Mastery School's breach of their duties include, but are not limited to: failure to have sufficient policies and procedures to prevent child sexual abuse and sexual assault, failure to properly implement the policies and procedures to prevent child sexual abuse and/or sexual assault, failure to take reasonable measures to make sure that the policies and procedures to prevent child sex abuse and sexual assault were working, failure to adequately inform families and children of the risks of child sexual abuse and sexual assault, failure to investigate risks of child sexual abuse and sexual assault, failure to properly train their employees, failure to have any outside agency test their safety procedures, failure to protect the children in their programs from child sexual abuse and sexual assault, failure to adhere to the

applicable standard of care for child safety, failure to investigate the amount and type of information necessary to represent the institutions, programs, leaders, and people as safe, failure to realize Plaintiff and other minors had initially been assaulted and/or victimized by Hjermstad and then failing to prevent further assaults and/or victimization from Hjermstad on Plaintiff, and failure to train their employees properly to identify signs of child molestation and sexual assault by employees and/or agents in their programs.

52.     Defendant Hospitality House breached its duties to Plaintiff. Defendant Hospitality House's breach of duties includes, but are not limited to: failure to have sufficient policies and procedures to prevent child sexual abuse and sexual assault, failure to properly implement the policies and procedures to prevent child sexual abuse and/or sexual assault, failure to take reasonable measures to make sure that the policies and procedures to prevent child sex abuse and sexual assault were working, failure to investigate risks of child sexual abuse and sexual assault, failure to properly train employees, failure to have any outside agency test safety procedures, failure to adhere to the applicable standard of care for child safety, failure to investigate the amount and type of information necessary to represent its agents as safe, and failure to realize minors had initially been assaulted by Hjermstad and then failing to prevent further assaults from Hjermstad

53.     Defendant Defendants Best Academy and/or Mastery School failed to use ordinary care in determining whether their facilities were safe and/or in determining whether they had sufficient information to represent their facilities as safe. Defendants Best Academy's and/or Mastery School's failures include, but are not limited to: failure to have sufficient policies and procedures to prevent abuse at their facilities, failure to investigate risks at their facilities, failure to properly train workers at their facilities, failure to have any outside agency test their

safety procedures, failure to investigate the amount and type of information necessary to represent their facilities as safe, and failure to train their employees properly to identify signs of sexual assault in their programs.

54.     Defendants Best Academy and/or Mastery School and/or Hospitality House also breached its duties to Plaintiff by failing to warn them and their families of the risks of sexual assault and victimization at facilities like Hospitality House. Defendant also failed to warn them about any of the knowledge that it had about child sex abuse, sexual assault, and sexual victimization.

55.     As a direct result of Defendants' conduct described herein, Plaintiff has suffered, and will continue to suffer, great pain of mind and body, severe and permanent emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, humiliation, physical, personal and psychological injuries. Plaintiff was prevented, and will continue to be prevented, from performing normal daily activities and obtaining the full enjoyment of life; and/or have incurred and will continue to incur expenses for psychological treatment, therapy, and counseling, and, on information and belief has and/or will incur loss of income and/or loss of earning capacity.

**COUNT I: Violation of 42 U.S.C. § 1983 for District Policy, Custom, or Practice**

*Plaintiff v. Defendants Harvest Best Academy and Mastery School*

56.     Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

57.     Under the Fourteenth Amendment, Plaintiff has a right to bodily integrity, which was violated by Hjermstad's inappropriate contact with Plaintiff, including recording him while nude and inappropriately touching him in his sleep.

58.     The right Plaintiff was deprived of was clearly established at the time of his abuse.

59.     Despite the knowledge of Hjermstad's inappropriate contact with Plaintiff, the Defendants' policies, customs, or practices did not prevent further abuse on behalf of Plaintiff.

60.     The Defendants reaction (or lack thereof) to other victims' complaints about Hjermstad became a permanent and well settled practice that was the moving force behind Plaintiff's constitutional violation and injury.

61.     The Defendants policy or custom as it relates to responding to reports of sexual abuse caused Plaintiff's constitutional violation and exhibits deliberate indifference to Plaintiff's constitutional rights.

62.     The harm caused to Plaintiff was foreseeable and fairly direct.

63.     Plaintiff was a foreseeable victim of Defendants' actions.

64.     As a direct and proximate result of Defendants' violations of Plaintiff's rights, Plaintiff suffered severe and permanent psychological damage and emotional distress.

## COUNT II: VIOLATION OF § 1983 FOR DISTRICT FAILURE TO TRAIN

### *Plaintiff v. Defendants Harvest Best Academy and Mastery School*

65.     The allegations throughout this Complaint are incorporated as if set forth at length.

66.     Under the Fourteenth Amendment, Plaintiff had a right to bodily integrity, which was violated by Hjermstad's inappropriate contact with Plaintiff, including recording him while nude and inappropriately touching him in his sleep.

67.     The right Plaintiff was deprived of was clearly established at the time of his abuse.

68. The Defendants acted with deliberate indifference to Plaintiff's constitutional rights by failing to train the administration, teachers, and staff adequately to prevent the violation of Plaintiff's rights after having notice of same.

69. The repeated pattern or practice of constitutional violations as seen here makes the need for further training plainly obvious.

70. The harm caused to Plaintiff was foreseeable and fairly direct.

71. Plaintiff was a foreseeable victim of Defendants' actions.

72. As a direct and proximate result of Defendants' violations of Plaintiff's rights, Plaintiff has suffered severe and permanent psychological damage and emotional distress.

## COUNT III: NEGLIGENCE

### *Plaintiff v. Defendant Harvest Best Academy, Mastery School, and Hospitality House*

73. The allegations throughout this Complaint are incorporated as if set forth at length.

74. Defendants Harvest Best, and/or Mastery School, and/or Hospitality House owed Plaintiff a duty of reasonable care.

75. Defendants Harvest Best, and/or Mastery School, and/or Hospitality House owed Plaintiff a duty of care because they had a special relationship with Plaintiff.

76. Defendants Harvest Best, and/or Mastery School, and/or Hospitality House owed Plaintiff a duty to warn and protect him from harm because they had a special relationship with Hjermstad.

77. Defendants Harvest Best, and/or Mastery School, and/or Hospitality House owed Plaintiff a duty to protect him from harm because Defendants Harvest Best's, and/or Mastery School's, and/or Hospitality House's active misfeasance created a foreseeable risk of harm.

78. Defendants Harvest Best, and/or Mastery School, and/or Hospitality House owed Plaintiff a duty to protect him from harm because Defendants Harvest Best, and/or Mastery School, and/or Hospitality House invited him onto their property, and Hjermstad posed a dangerous condition on their property.

79. Defendants Harvest Best, and/or Mastery School, and/or Hospitality House owed Plaintiff a duty of care because the sexual abuse he suffered was foreseeable.

80. By establishing and operating The Harvest Best Academy, The Mastery School, and Hospitality House, accepting the enrollment, attendance, residence, and participation of Plaintiff in their programs, holding The Best Academy, The Mastery School, and Hospitality House out to be a safe environment for Plaintiff to participate in educational and youth activities at, accepting custody of Plaintiff in loco parentis, and by establishing a fiduciary relationship with Plaintiff, Defendants Harvest Best, and/or Mastery School, and/or Hospitality House School entered into an express and/or implied duty to properly supervise Plaintiff and provide a reasonably safe environment.

81. By establishing and operating The Harvest Best Academy, The Mastery School, and Hospitality House which offered programs and activities to vulnerable minor children through educational and extracurricular programs, and by accepting the enrollment and participation of Plaintiff as a child participant in their programs at their facilities, Defendants Harvest Best, and/or Mastery School, and/or Hospitality House owed Plaintiff a duty to properly supervise Plaintiff to prevent harm from generally foreseeable dangers.

82. Plaintiff was under the care, custody, and control of Defendants Harvest Best, and/or Mastery School, and/or Hospitality House at the time of the sexual abuse by Hjermstad. Defendants Harvest Best, and/or Mastery School, and/or Hospitality House were responsible for

Plaintiff's safety and security. Defendants Harvest Best, and/or Mastery School, and/or Hospitality House were negligent in providing services to Plaintiff.

83. Defendants Harvest Best, and/or Mastery School, and/or Hospitality House knew or should have known that Hjermstad was a danger to children before he sexually molested Plaintiff.

84. Defendants Harvest Best, and/or Mastery School, and/or Hospitality House negligently or recklessly believed that Hjermstad was fit to work with children and/or that any previous problems he had were fixed and cured; that Hjermstad would not sexually molest children and that Hjermstad would not injure children; and/or that Hjermstad would not victimize children.

85. By holding Hjermstad out as safe to work with children, and by undertaking the custody, supervision of, and/or care of the Plaintiff, Defendants Harvest Best, and/or Mastery School, and/or Hospitality House entered into a fiduciary relationship with Plaintiff. As a result of Plaintiff being a minor, and by Defendants Harvest Best, and/or Mastery School, and/or Hospitality House undertaking the care and guidance of Plaintiff, Defendants Harvest Best, and/or Mastery School, and/or Hospitality House held a position of empowerment over Plaintiff.

86. Further, Defendants Harvest Best, and/or Mastery School, and/or Hospitality House, by holding themselves out as being able to provide a safe environment for children, solicited and/or accepted this position of empowerment. This empowerment prevented the Plaintiff from effectively protecting himself and Defendants Harvest Best, and/or Mastery School, and/or Hospitality House thus entered into a fiduciary relationship with him.

87. Defendants Harvest Best, and/or Mastery School, and/or Hospitality House owed a nondelegable duty to operate and provide services in compliance with all applicable federal,

state and local laws, regulations and codes, and with accepted professional standards, duties and principles that apply to providing services at their facilities.

88. Defendants Harvest Best, and/or Mastery School, and/or Hospitality House breached their duties to Plaintiff. Defendant Harvest Best's and/or Mastery School's, and/or Hospitality House's failures include but are not limited to failing to properly supervise Hjermstad, failing to properly supervise Plaintiff, and failing to protect Plaintiff from a known danger.

89. As a direct result of Defendants Harvest Best's, and/or Mastery School's, and/or Hospitality House's negligent conduct, Plaintiff has suffered the injuries and damages described herein.

## COUNT IV: NEGLIGENT SUPERVISION

### *Plaintiff v. Defendant Harvest Best Academy, Mastery School, and Hospitality House*

90. The allegations throughout this Complaint are incorporated as if set forth at length.

91. At all times material, Hjermstad was employed Defendants Harvest Best, and/or Mastery School, and/or Hospitality House and/or was under Defendants direct supervision, employ and control when he committed the wrongful acts alleged herein. Hjermstad engaged in the wrongful conduct while acting in the course and scope of his employment Defendants Harvest Best, and/or Mastery School, and/or Hospitality House, and/or accomplished the sexual abuse by virtue of his job-created authority.

92. Defendants Harvest Best, and/or Mastery School, and/or Hospitality House knew, had reason to know, or should have known of Hjermstad's dangerous propensities and that he was a danger to minors before he sexually abused and victimized Plaintiff.

93. Hjermstad's wrongful conduct was foreseeable by Defendants Harvest Best, and/or Mastery School, and/or Hospitality House because it was a well-known and foreseeable risk that employees, volunteers and/or youth workers in of Defendants Harvest Best's, and/or Mastery School's, and/or Hospitality House's industry may engage in sexually inappropriate conduct with students and children in youth programs and activities, including students and participants in extracurricular activities at its facilities.

94. Defendants Harvest Best, and/or Mastery School, and/or Hospitality House failed to exercise ordinary care in supervising Hjermstad in his duties and/or employment at Defendants Harvest Best, and/or Mastery School, and/or Hospitality House and failed to prevent the foreseeable misconduct of Hjermstad from causing harm to others, including Plaintiff.

95. As a direct result of Defendants Harvest Best's, and/or Mastery School's, and/or Hospitality House's negligent conduct, Plaintiff has suffered the injuries and damages described herein.

## COUNT V: NEGLIGENT RETENTION

### *Plaintiff v. Defendant Harvest Best Academy, Mastery School, and Hospitality House*

96. The allegations throughout this Complaint are incorporated as if set forth at length.

97. Defendants Harvest Best, and/or Mastery School, and/or Hospitality House, by and through their agents, servants and/or employees, became aware, or should have become aware, of problems indicating that Hjermstad was an unfit employee with dangerous and exploitive propensities, prior to Hjermstad's sexual victimization of Plaintiff, yet Defendants Harvest Best, and/or Mastery School, and/or Hospitality House failed to take any appropriate

action to remedy the problem and failed to investigate or remove Hjermstad from his employment and/or from having access to and working with children.

98.     As a direct result of Defendants Harvest Best's, and/or Mastery School's, and/or Hospitality House's negligent conduct, Plaintiff has suffered the injuries and damages described herein.

## COUNT VI: NEGLIGENT HIRING

### *Plaintiff v. Defendant Harvest Best Academy, Mastery School, and Hospitality House*

99.     The allegations throughout this Complaint are incorporated as if set forth at length.

100.     Defendants Harvest Best, and/or Mastery School, and/or Hospitality House owed Plaintiff a duty of reasonable care in hiring their agents and employees.

101.     Defendants Harvest Best, and/or Mastery School, and/or Hospitality House further assumed this duty by holding Hjermstad out to students, participants, minor youth in the community they serve, and their families as a competent and trustworthy supervisor, coach, mentor and agent.

102.     Defendants Harvest Best, and/or Mastery School, and/or Hospitality House knew or should have known of Hjermstad's unfitness for his positions at Defendants Harvest Best and/or Mastery School, which could have been discovered by reasonable investigation by Defendants Harvest Best and/or Mastery School prior to hiring him. Defendants Harvest Best, and/or Mastery School, and/or Hospitality House further knew the risk of child sexual abuse for minors in their industry, including that it was a well-known and foreseeable risk that employees, agents and volunteers may engage in sexually inappropriate contact with minor students, participants, and minor youth in the community they serve. Defendants Harvest Best, and/or

Mastery School, and/or Hospitality House therefore had a duty to hire employees and volunteers who were fit for carrying out Defendants Harvest Best's and/or Mastery School's, and/or Hospitality House's duty to protect minors from such harm.

103.    Defendants Harvest Best, and/or Mastery School, and/or Hospitality House breached their duties to Plaintiff by failing to exercise reasonable care in hiring its employees, including Hjermstad

104.    As a direct result of Defendants Harvest Best's, and/or Mastery School's, and/or Hospitality House's negligent conduct, Plaintiff has suffered the injuries and damages described herein.

## COUNT VII: VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

### Plaintiff v. Defendant Harvest Best Academy, Mastery School, and Hospitality House

105.    The allegations throughout this Complaint are incorporated as if set forth at length.

106.    The wrongful acts of Defendants Best Academy's, and/or Mastery School's, and/or Hospitality House's managers, supervisors, employees, servants and/or agents, and specifically those of their employee, Hjermstad, were committed incidental to the employment of this person and would not have occurred but for the employment of said person.

107.    The wrongful acts of Defendants Best Academy's, and/or Mastery School's, and/or Hospitality House's managers, supervisors, employees, servants and/or agents, and specifically those of their employee, Hjermstad, were committed within work-related limits of time and place of employment of Defendants Harvest Best, and/or Mastery School, and/or Hospitality House

108.    The wrongful acts of their managers, supervisors, employees, servants and/or agents, specifically the wrongful acts of their employee and agent Hjermstad, are a known hazard within these facilities and/or industry and are a foreseeable risk of doing business within said facilities and/or industry.

109.    Defendants Harvest Best, and/or Mastery School, and/or Hospitality House are liable for the negligent and wrongful acts of its managers, supervisors, employees, servants and/or agents and are vicariously liable for the injuries suffered by Plaintiff.

110.    Defendants Harvest Best, and/or Mastery School, and/or Hospitality House are responsible for the actions of Hjermstad and their other employees, under the theory of respondeat superior.

111.    As a direct result of the negligent and wrongful conduct of Defendants Harvest Best's, and/or Mastery School's, and/or Hospitality House's managers, employees and agents, including but not limited to Hjermstad, Plaintiff has suffered the injuries and damages described herein.

### COUNT VI: SEXUAL BATTERY AGAINST DEFENDANT HJERMSTAD

#### *Plaintiff v. Defendant Hjermstad*

112.    The allegations throughout this Complaint are incorporated as if set forth at length.

113.    From approximately 2016 to 2020, Defendant Hjermstad inflicted unpermitted, harmful, and offensive sexual contact upon the person of Plaintiff.

114.    As a direct result of Defendant Hjermstad's wrongful conduct, Plaintiff has suffered the injuries and damages described herein.

## COUNT VII: VIOLATION OF MINNESOTA STATUTE § 609.746

### *Plaintiff v. Defendant Hjermstad*

115. The allegations throughout this Complaint are incorporated as if set forth at length.

116. At all relevant times, Plaintiff was located in a place where he had a reasonable expectation of privacy, including but not limited to a bathroom and bedroom in Hjermstad's home.

117. Defendant Hjermstad intentionally and without consent used a device, including but not limited to a camera and/or recording device, to observe and record Plaintiff.

118. Defendant Hjermstad's conduct constitutes an intrusion into Plaintiff's privacy under Minnesota Statute § 609.746.

119. Defendant Hjermstad's conduct was willful, intentional, and in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

120. As a direct result of Defendant Hjermstad's wrongful conduct, Plaintiff has suffered the injuries and damages described herein.

### PRAYER FOR RELIEF

Plaintiff demands judgment against Defendants, individually, jointly and severally in an amount in excess of $50,000.00, plus costs, disbursements, reasonable attorney fees, interest, and such other and further relief as the court deems just and equitable.

DEMAND IS HEREBY MADE FOR A TRIAL BY JURY.

Respectfully Submitted,

Dated: June 18, 2026

**SAND LAW, PLLC**

*Tyler K. Cottrill*

Tyler K. Cottrill (MN Bar No. 0403040)
266 East 7th Street, Suite 300
St. Paul, MN 55101
Phone: 651-450-8812
tyler@sandlawnd.com
*Attorneys for Plaintiff*

## ACKNOWLEDGMENT REQUIRED BY
## MINN. STAT. § 549.211, SUBD. 2

I hereby acknowledge that, pursuant to Minn. Stat. § 549.211 (2), costs disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if this Court should find I acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the Court.

Dated: June 18, 2026

**SAND LAW, PLLC**

*Tyler K. Cottrill*

Tyler K. Cottrill (MN Bar No. 0403040)
266 East 7th Street, Suite 300
St. Paul, MN 55101
Phone: 651-450-8812
tyler@sandlawnd.com
*Attorneys for Plaintiff*