UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| J.N., <br><br>        Plaintiff, <br><br>   v. <br><br> Best Academy d/b/a Harvest Best Academy; Mastery School, Inc. d/b/a Mastery School; Hospitality House Youth Development; and Aaron James Hjermstad, <br><br>        Defendants. | Case No.  0:26-cv-03014-JWB-DLM <br><br><br> **HOSPITALITY HOUSE YOUTH DEVELOPMENT'S ANSWER TO COMPLAINT** |

Defendant Hospitality House Youth Development, (hereinafter "Hospitality House") by and for its Answer to Plaintiff's Complaint, hereby state and allege as follows:

1. Denies all of the allegations set forth in Plaintiff's Complaint except as hereinafter admitted, qualified, or otherwise pleaded as those allegations are directed to or pertain to Defendant.

2. With respect to Paragraphs 1 and 2, Hospitality House states that J.N. has not been identified to counsel or defendant and therefore Hospitality House is unable to determine who J.N. is or what, if any, involvement he had with Hospitality House. Plaintiff's failure to identify himself constitutes a fundamental flaw in the pleadings which has not been corrected.

3. With respect to Paragraphs 3, 4, and 5, Hospitality House is without sufficient information to admit or deny the allegations contained therein and puts Plaintiff to his strictest proof thereof.

4. With respect to Paragraph 5, Hospitality House admits generally that it is a nonprofit corporation and maintains a reregistered office in Minneapolis, Minnesota, but denies the remaining allegations contained therein.

5. With respect to Paragraph 6, Hospitality House Hospitality House is without sufficient information to admit or deny the allegations contained therein and therefore denies the same and puts Plaintiff to his strictest proof thereof.

6. With respect to Paragraphs 7 and 8, Hospitality House denies that the Federal District Court—District of Minnesota, which is a court of limited jurisdiction, has jurisdiction over this matter. If the court determines that it has jurisdiction over this matter within its limited jurisdictional powers, then Hospitality House admits venue is appropriate.

7. With respect to Paragraphs 9, 10, and 11, Hospitality House is without sufficient information to admit or deny the allegations contained therein and therefore denies the same and puts Plaintiff to his strictest proof thereof.

8. With respect to Paragraph 12, Hospitality House denies the allegations contained therein and puts Plaintiff to his strictest proof thereof.

9. With respect to Paragraphs 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24, Hospitality House states that J. N. has not been identified and therefore none of the allegations can be verified and therefore are denied. Moreover, Hospitality House

2

states that none of alleged allegations occurred at Hospitality House or within any activity created by Hospitality House. Hospitality House puts Plaintiff to his strictest proof thereof.

10. With respect to Paragraph 25, Hospitality House denies the allegations contained therein and puts Plaintiff to his strictest proof thereof.

11. With respect to Paragraphs 26 and 27, Hospitality House is without sufficient information to admit or deny the allegations contained therein and therefore deny the same and put Plaintiff to his strictest proof thereof.

12. With respect to Paragraphs 28 and 29, Hospitality House admits that it had suspended or restricted Hjermstad from volunteering during investigations and that he, like all volunteers, were restricted regarding their conduct. Hospitality House denies the remaining allegations and puts Plaintiff to his strictest proof thereof.

13. With respect to Paragraph 30, Hospitality House is without sufficient information to admit or deny the allegations contained therein and therefore denies the same and puts Plaintiff to his strictest proof thereof.

14. With respect to Paragraphs 31, 32 and 34, Hospitality House admits the same on information and belief that the same is true.

15. With respect to Paragraph 33, Hospitality House is without sufficient information to admit or deny the allegations contained therein and therefore denies the same and puts Plaintiff to his strictest proof thereof.

16. With respect to Paragraphs 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 50, 52, 54, and 55, Hospitality House denies the allegations contained therein and puts Plaintiff to his strictest proof thereof.

17. With respect to Paragraphs 46, 48, 49, 51, and 53, Hospitality House states that said allegations are not directed to Hospitality House and therefore require no response from Hospitality House. If such a response is required, Hospitality House denies the allegations contained therein and puts Plaintiff to his strictest proof thereof.

18. With respect to Count 1 and Count 2, Hospitality House states that said allegations are not directed to Hospitality House and therefore require no response from Hospitality House. If such a response is required, Hospitality House denies the allegations and puts Plaintiff to his strictest proof thereof.

19. With respect to Count 3, Hospitality House denies the allegations contained therein and puts Plaintiff to his strictest proof thereof.

20. With respect to Count 4, Hospitality House denies the allegations contained therein and puts Plaintiff to his strictest proof thereof.

21. With respect to Count 5, Hospitality House denies the allegations contained therein and puts Plaintiff to his strictest proof thereof.

22. With respect to Count 6, Hospitality House denies the allegations contained therein and puts Plaintiff to his strictest proof thereof.

23. With respect to Count 7, Hospitality House denies the allegations contained therein and puts Plaintiff to his strictest proof thereof.

24. With respect to Count 6 [sic], Hospitality House denies that said allegations are being made as to or against Hospitality House and therefore no response is required from Hospitality House. If such a response is required, Hospitality House denies the same and puts Plaintiff to his strictest proof thereof.

25. With respect to Count 7 [sic], Hospitality House denies that said allegations are being made as to or against Hospitality House and therefore no response is required from Hospitality House. If such a response is required, Hospitality House denies the same and puts Plaintiff to his strictest proof thereof.

26. Hospitality House denies any and all claims for damages, including monetary, non-monetary, injunctive, or other from Plaintiff and puts him to his strictest proof thereof.

27. Hospitality House denies that it acted jointly or severally or in a common enterprise with any other defendant and puts Plaintiff to his strictest proof thereof.

### Affirmative Defenses

28. Hospitality House states that Plaintiff's claims fail as to this answering Defendant and that Plaintiff has failed to state a claim upon which relief may be granted.

29. Hospitality House denies that it was negligent in such a way so as to cause or contribute to damages, if any, alleged by Plaintiff.

30. Hospitality House states that the Complaint is facially defective as it fails to identify Plaintiff and Plaintiff's counsel have failed to identify Plaintiff.

31. Hospitality House states that the Complaint fails to name additional and indispensable parties.

32. Hospitality House states that Plaintiff's claims may be barred by the applicable statute of limitations or doctrine of laches.

33. Hospitality House asserts that Plaintiff may have failed to mitigate his damages.

34. Hospitality House asserts that if Plaintiff suffered any injury or damage as alleged in Plaintiff's Complaint, then such injury and/or damage was the result of actions, activities or omissions of Plaintiff or of other persons or parties other than Defendant.

35. Hospitality House re-asserts and re-alleges and and all affirmative defenses as set forth in Fed. R. Civ. P. 12(b)(1) - 12(b)(7), and in Fed. R. Civ. P. 8(c), which cannot be fully determined at this time.

WHEREFORE, Defendant Hospitality House demands that Plaintiff's Complaint be dismissed as against it and further, that Defendant Hospitality House be awarded its costs and disbursements herein.

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, to the party against whom the allegations in this pleading are asserted.

6

Dated: July 20, 2026

**STICH ANGELL, P.A.**

By: */s/ Kirsten J. Hansen*
    Kirsten J. Hansen (#0320067)
Wells Fargo Plaza
7900 Xerxes Avenue South
Suite 1920
Bloomington, MN 55431
612-333-6251
612-333-1940
khansen@stichlaw.com

*Attorneys for Defendant Hospitality House
Youth Development*