**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

J.N.

Plaintiff,

v.

BEST ACADEMY D/B/A HARVEST BEST ACADEMY; MASTERY SCHOOL, INC. D/B/A MASTERY SCHOOL; HOSPITALITY HOUSE YOUTH DEVELOPMENT; AND AARON JAMES HJERMSTAD

Defendants

Case No. 0:26-cv-03014-JWB-DLM

RULE 26(f) REPORT

**JOINT CASE MANAGEMENT PLAN/RULE 26(f) REPORT**

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on September 18, 2026, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is not yet scheduled before United States Magistrate Judge Douglas L. Micko. The parties request that the pretrial be held by telephone.

**A. Description of the Case**

**1) Plaintiff's Claims**

Plaintiff J.N. alleges that beginning in approximately 2016, when he was about eight years old, he was introduced to Defendant Aaron James Hjermstad ("Hjermstad"), and that from approximately 2016 to 2019/2020 he attended weekend sleepovers at Hjermstad's residence. Plaintiff alleges Hjermstad, who was employed by Best Academy as a youth basketball coach and by Mastery School, Inc d/b/a Mastery School ("Mastery School") as a physical education teacher and acted as an agent of Hospitality House Youth Development ("Hospitality House"), sexually

abused him — including touching and placing his mouth on Plaintiff's genitals while Plaintiff slept — and covertly recorded him nude in the bathroom and shower. Plaintiff further alleges the institutional Defendants had notice of Hjermstad's inappropriate behaviors before the abuse. The Complaint pleads violations of 42 U.S.C. § 1983 (policy, custom or practice; failure to train) against Harvest Best and Mastery School; negligence, negligent supervision, negligent retention, negligent hiring, and vicarious liability/respondeat superior against Harvest Best, Mastery School, and Hospitality House; and sexual battery and violation of Minn. Stat. § 609.746 against Hjermstad.

**2) Defendant's Claims/Defenses**

Hospitality House answered Plaintiff's Complaint on July 20, 2026, denying the substantive allegations. Hospitality House asserts that the allegations in Plaintiff's Complaint allegedly occurred at the private home of Hjermstad. The alleged actions of Hjermstad did not occur at Hospitality House property or during Hospitality House sanctioned events. Best Academy and Mastery School (collectively "School Defendants")[1] answered Plaintiff's Complaint on August 28, 2026, denying the substantive allegations. School Defendants assert that the allegations in Plaintiff's Complaint allegedly occurred at the private home of Hjermstad, after school hours and outside of any school sanctioned event, and outside the course and scope of Hjermstad's duties. Defendants' affirmative defenses are as stated in their respective Answers. Defendant Hjermstad has been served but has not appeared through counsel.

**3) Statement of Jurisdiction**

---

[1]Best Academy and Mastery School were public charter schools that were organized as non-profit corporations as required by Minn. Stat. § 124E.06, subd. 2. Harvest Best Academy is the successor in interest to both Mastery School and Best Academy.

Subject matter jurisdiction rests on 28 U.S.C. § 1331, because Plaintiff's § 1983 claims arise under the Constitution and laws of the United States, with supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367. Venue is proper because Defendants conduct business in this District and a substantial part of the events giving rise to the claims occurred here. Hospitality House has disputed this Court's jurisdiction as it relates to Plaintiff's claims against Hospitality House in its Answer to Plaintiff's Complaint. Hospitality House asserts that Plaintiff's claims against Hospitality House do not satisfy the federal question requirement under 28 U.S.C. § 1331. Further, diversity jurisdiction is not present between Plaintiff and Hospitality House. However, Hospitality House has not filed any motion addressing the basis of their jurisdictional dispute. Hospitality House does not dispute venue.

**4) Summary of factual stipulations or agreements**

The parties have no stipulations at this time but will supplement this Case Management Plan if and when any stipulations are reached.

**5) Jury Trial Demanded**

A jury trial was timely demanded in the Complaint filed June 18, 2026.

**6) Statement as to the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota**

The parties do not agree to resolve this matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota.

**B. Pleadings**

All process has been served. Defendant Hjermstad was personally served at the Minnesota Correctional Facility–Stillwater on August 6, 2026. Following the Court's September 8, 2026, Order, Plaintiff's counsel served notice on September 14, 2026, of Defendant Hjermstad's

obligation to answer or otherwise respond within ten days, and he is yet to respond. Answers have been filed by Hospitality House on July 20, 2026, and by Best Academy and Mastery School on August 28, 2026. The parties do not presently anticipate amending the pleadings or adding parties, subject to the deadlines in Section (f).

**C. Fact Discovery**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1) Initial disclosures under Fed. R. Civ. P. 26(a)(1) due on or before: **October 9, 2026.**
2) Physical or mental examinations under Fed. R. Civ. P. 35 completed by: **June 30, 2027.**
3) Fact discovery to be completed by: **June 30, 2027.**
4) Proposed limits on discovery procedures:
    a. Interrogatories: **25 per side**
    b. Document requests: **25 per side**
    c. Factual depositions: **10 per side**
    d. Requests for admission: **25 per side**
    e. Rule 35 examinations: **1 per side**

**D. Expert Discovery**

The parties anticipate that they will require expert witnesses at trial. The parties have not yet retained trial experts. The parties anticipate disclosing both liability and damage experts. The parties will supplement this Report to identify the number and fields of their experts once they are retained. In all events, the parties will make their expert disclosures by the deadlines set forth below.

All expert discovery must be completed by: **July 30, 2027.**

Plaintiff's expert reports are due by: **August 30, 2027.**

Defendant's expert reports are due by: **September 30, 2027.**

**E. Other Discovery Issues**

**1) Protective Orders**

The parties have discussed whether they believe that a protective order is necessary to govern discovery and will work on jointly submitting a proposed protective order regarding private educational data of students and private personnel data regarding current and former employees.

**Discovery of Electronically Stored Information**

The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form in which it should be produced and believe that an agreement is not necessary on said issue.

**2) Claims of Privilege or Protection**

The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502.

**3) Discovery Conferences**

The parties agree that a party should be required to request an informal conference with the Court before filing a discovery motion.

**F. Proposed Motion Schedule**

1) Motions to join other parties filed and served by: **October 30, 2026.**

2) Motions to amend the pleadings filed and served by: **November 30, 2026.**

3) All other non-dispositive motions filed and served by: **June 30, 2027.**

4) All dispositive motions filed and served by: **September 30, 2027.**

**G. Trial-Ready Date**

The parties agree that the case will be ready for trial on or after **February 1, 2028.**

The parties propose that the final pretrial conference be held on or before **January 4, 2028.**

**H. Insurance Carriers/Indemnitors**

As of the date of this Report, Defendants have not produced insurance or indemnitor information. Defendants will disclose their insurance carriers and/or indemnitors, including limits of coverage, or their self-insured status, in their initial disclosures under Fed. R. Civ. P. 26(a)(1)(A)(iv) and will supplement this Report accordingly. Plaintiff reserves the right to seek this information through discovery if it is not timely disclosed.

**I. Settlement**

1) The parties will discuss settlement before the initial pretrial conference, with Plaintiff J.N. making a written settlement demand and each Defendant providing a written response or offer.

2) The parties propose that a settlement conference be scheduled to take place before **August 30, 2027.**

3) The parties have discussed whether alternative dispute resolution would be helpful and recommend private mediation and/or settlement conference, to occur after the close of fact discovery.

**J. Trial by Magistrate Judge**

The parties do not agree to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

Respectfully Submitted,

Dated: October 9, 2026

*/s/ Tyler K. Cottrill*

Tyler K. Cottrill (MN Bar. No 0403040)
266 East 7th Street, Suite 300
St. Paul, MN 55101
Phone: 651-450-8812
tyler@sandlawnd.com

*/s/ Konstantinos Patsiopoulos*

Konstantinos Patsiopoulos *(Pro Hac Vice)*
4503 North Front Street,
Harrisburg, PA 17110
Phone: 800.706.2764
teamb@vca.law
*Attorneys for Plaintiff*

*/s/ Christian R. Shafer*

Christian R. Shafer
444 Cedar Street, Suite 2100
St. Paul, MN 55101
Phone: 612-339-0060
crs@ratwiklaw.com
*Attorney for Defendant Harvest Best Academy and Mastery School*

*/s/ Kirsten J. Hansen*

Kirsten J. Hansen
Wells Fargo Plaza
7900 Xerxes Avenue South, Suite 1920
Bloomington, Minnesota 55431
khansen@stitchlaw.com
*Attorney for Hospitality House Youth Development*